809 So.2d 567 (2002)
William J. GRADY, etc.
v.
John RILEY, et al.
No. 01-CA-1187.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
Rehearing Denied March 18, 2002.
*568 Bernard F. Rice, III, Gretna, LA, Counsel for William J. Grady, Individually and as Administrator of the Estates of His Minor Children, Wynton Grady, Leann Grady, Christopher Grady and Maya Grady, and as Curator for Louise M. Grady, Wife of William J. Grady, Plaintiff-Appellant.
Charles F. Gay, Jr., Don S. McKinney, Elisia E. Shoftahl, Adams & Reese LLP, New Orleans, LA, Counsel for Ochsner Clinic L.L.C., Alton Ochsner Medical Foundation and Dean Hickman, M.D., Defendants-Appellees.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
CHEHARDY, Judge.
Plaintiff appeals a summary judgment dismissing some of the defendants in this personal injury suit arising out of an automobile collision. We affirm.
On November 24, 1999 John Riley, an employee of the Jefferson Parish Consolidated Waterworks District No. 1, was driving a van owned by the Parish of Jefferson that collided head-on with an automobile driven by Louise Grady. Riley fled the scene of the accident. Louise Grady was severely injured and subsequently became permanently and totally disabled due to those injuries. In addition, she sustained brain damage that eventually required her interdiction.
Louise Grady's husband, William J. Grady, filed suit against Riley and the Parish of Jefferson.[1] By supplemental and amending petitions Grady added the following defendants: Consolidated Waterworks District No. 1 of the Parish of Jefferson; Dean A. Hickman, M.D., Riley's psychiatrist; and the clinic and hospital with which the psychiatrist is associated *569 (hereafter jointly referred to as "Ochsner").[2]
Plaintiff made numerous allegations of negligence against Dr. Hickman, including the following: that defendant Riley suffered from bipolar disorder for which Hickman treated him; that Hickman had released Riley to work without restrictions when he knew or should have known it was unsafe to do so; that Hickman failed to adequately warn, explain or inform Riley's employer of Riley's medical condition; that Hickman failed to take adequate safeguards to insure that Riley would take his medication and released Riley from supervised treatment to return to work when he knew or should have known that Riley was dangerous to himself or others and that Riley's mania was likely to worsen; that Hickman failed to adequately diagnose and treat Riley and failed to administer recommended psychotherapy to Riley, instead allowing Riley to receive treatment only through medication.
Further, plaintiff alleged that Hickman allowed Riley to take only the medications and treatment Riley wanted and did so without adequately informing or warning third parties of the dangers involved; that Hickman prescribed medication to Riley that would exacerbate and aggravate Riley's condition and did so without the use of mood-stabilizing medications; that Hickman failed to provide adequate follow-up and post-discharge care to Riley after allowing Riley to return to work; that Hickman continued to prescribe medication to Riley when he knew or should have known the prescribed medication would aggravate Riley's condition without medications that provided a mood-stabilizing effect; that Hickman returned Riley to work with a diagnosed bipolar disorder, which he knew or should have known was not being adequately controlled and treated with the medications he prescribed to Riley; and that Hickman knew or should have known that mood-stabilizing medication was appropriate and needed.[3]
Further, plaintiff asserted that Hickman returned Riley to full duty at work with knowledge that said duties included operating motor vehicles while knowing that Riley's mania would or could worsen, thus putting innocent third parties at risk; alternatively, that Hickman returned Riley to work without adequate information about the type of work done by Riley; that Hickman failed to inquire into and obtain from Riley's employer a description of Riley's job duties and responsibilities before allowing Riley to return to work; that Hickman failed to exercise reasonable care in returning Riley to full duty; that Hickman failed to warn Riley's employer and/or immediate family of the danger involved in returning Riley to work under the circumstances; and that Hickman failed to use reasonable care to guard against harm to third persons, failed to use reasonable care in the exercise of his duty to warn or inform third parties and his duty to protect third parties from harm, particularly after Riley had demonstrated several *570 warning signs for future abnormal, manic behavior.
Plaintiff's allegations against Ochsner were based on vicarious liability, on the ground that Hickman was an employee and/or agent and/or partner of the Ochsner entities.[4]
Hickman and the Ochsner defendants filed a motion for summary judgment on the basis that a physician owes no duty to unspecified third parties and, therefore, plaintiff cannot carry his burden of proving his stated cause of action at trial. Movers relied on the provisions of La.R.S. 9:2800.2.
The trial court granted summary judgment in favor of Hickman and the Ochsner defendants, dismissing plaintiff's claims against them. Plaintiff has appealed.
On appeal plaintiff contends first that the district court erred in granting the motion for summary judgment. Because this is a negligence case rather than a medical malpractice case, he asserts that the issue is whether Dr. Hickman had a duty to act reasonablythat is, whether he was negligent. Plaintiff argues that there is an ease of association between the injury and the doctor's allegedly negligent action and, thus, causation may be found even though the precise harm may not have been anticipated. Finally, plaintiff contends that discovery is incomplete and that the affidavit of the defendant-appellant should have been stricken as insufficient.
Plaintiff asserts that Hickman had a duty to provide Riley's Certificate to Return to Work in a reasonable manner, a duty outside the scope of the limitation of liability statute. Further, he contends the parties' affidavits show there are issues of fact concerning whether or not Riley actually was fit for duty and return to work when this accident occurred and that these issues must be decided by a trier of fact.
Plaintiff admits that Dr. Hickman had no duty to warn Louise Grady of Riley's behavior and that Hickman did not know who Louise Grady was until after Riley ran into her. Nevertheless, plaintiff argues, the act of certifying someone to perform their work must be done in a reasonable manner, in which plaintiff asserts Dr. Hickman failed. Plaintiff states, "Whether Dr. Hickman was negligent in making the certification is a question of fact plainly put at issue in the affidavits of plaintiff."
In opposition to the appeal, Hickman and Ochsner argue that the district court did not err in granting the motion for summary judgment for several reasons. First, the court applied the only statute that places a duty on a psychiatrist. Second, in a case with facts directly on point, this Court applied the duty-risk analysis and found no duty existed on the part of the hospital and psychiatrist. Third, a psychiatrist has no duty to warn unforeseen victims of a patient's reckless driving.
La.R.S. 9:2800.2 provides for limitation of liability by psychologists and psychiatrists as follows, in pertinent part:
A. When a patient has communicated a threat of physical violence, which is deemed to be significant in the clinical judgment of the treating psychologist or psychiatrist, or board-certified social worker, against a clearly identified victim or victims, coupled with the apparent intent and ability to carry out such threat, the psychologist, licensed under *571 R.S. 37:2351 through 2369, or the psychiatrist, licensed under R.S. 37:1261 through 1291, or the board-certified social worker, licensed under R.S. 37:2701 through 2719, treating such patient and exercising reasonable professional judgment, shall not be liable for a breach of confidentiality for warning of such threat or taking precautions to provide protection from the patient's violent behavior.
B. A psychologist's or psychiatrist's or board-certified social worker's duty to warn or to take reasonable precautions to provide protection from violent behavior arises only under the circumstance specified in Subsection A of this Section. This duty shall be discharged by the psychologist or psychiatrist if he makes a reasonable effort to communicate the threat to the potential victim or victims and to notify law enforcement authorities in the vicinity of the patient's or potential victim's residence.
In Durapau v. Jenkins, 95-120 (La.App. 5 Cir. 5/30/95); 656 So.2d 1067, writ denied, 95-1478 (La.9/22/95), 660 So.2d 477, the plaintiff alleged that the hospital negligently discharged from its care a dangerous patient who stabbed plaintiff some four months after being released. We approved the trial court's grant of summary judgment, based on a duty-risk analysis that determined there was no causal connection between the actions of the hospital in allowing the patient to leave on recommendation of his treating psychiatrist and his subsequent attack on the plaintiff.
In addition, with respect to the psychiatrist, we reviewed La.R.S. 9:2800.2 and held, "[B]efore the duty of a psychiatrist to warn third parties about possible violent behavior of a patient even arises, the patient must have made a threat to a clearly identifiable victim." Durapau, 95-120, p. 7; 656 So.2d at 1069. However, we noted, it was undisputed that the patient never made any threat against the victim, or against any other person, to his psychiatrist; nor was it alleged that the patient had ever attacked or injured anyone else. Under those facts we found the psychiatrist had no duty to warn or take other precautions to protect third persons. We noted, "[I]ndeed, because no threats to any identifiable person were ever made, [the psychiatrist] was precluded by patient-therapist confidentiality from discussing his condition with third parties." Id.
We find no reason in this case to depart from the reasoning expressed in Durapau, which was so similar in material facts. The exhibits offered in support of the motion for summary judgment establish that on the day of the accident John Riley was driving a parish vehicle. In the course of the day he not only was involved in three separate collisions with other vehicles, but also struck the roadway curbing several times and drove into the embankment. Riley had been under psychiatric treatment by Dr. Hickman since 1994 and had been hospitalized for hyper-religious behavior in August 1999, three months before the accident involved here. After his release he had been compliant with his medication regimen for several months. As recently as one month before the accident he had reported no side effects. He returned to work three months prior to the day of the accident and had reported no problems. He had no history of violence or destructive behavior, including no history of reckless driving or of incapacity or inability to drive. In his deposition he admitted he had stopped taking his medication the night before the accident. Riley did not know Louise Riley prior to the accident and he made no threats against her or anyone else.
A psychiatrist has a duty to protect third persons only in a limited scenario, which is absent in this case. The only *572 facts needed in order to apply La.R.S. 9:2800.2 are that John Riley did not know Louise Grady and he did not threaten her. Thus, there is no merit to plaintiff's assertion that the summary judgment was premature because discovery was incomplete. There is nothing relevant to the core issues on this motion that remained to be discovered. Here as Durapau, plaintiff has failed to show there are genuine issues of fact material to the issues on summary judgment.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed against the appellant.
AFFIRMED.
NOTES
[1] William Grady appears individually, as administrator of the estates of his minor children (Wynton Grady, Leann Grady, Christopher Grady and Maya Grady), and as curator for his interdicted wife.
[2] The entire list of defendants as named by plaintiffs is John Riley; the Parish of Jefferson; Consolidated Waterworks District No. 1 of the Parish of Jefferson, Louisiana; Travelers Insurance Company; Progressive Insurance Company; Dean A. Hickman, M.D.; Alton Ochsner Medical Foundation d/b/a Ochsner Hospital and Ochsner Foundation Hospital d/b/a Ochsner Hospital; Ochsner Clinic Health Services, L.L.C., Ochsner Clinic, L.L.C., Ochsner Clinic Health Services Corporation, and Ochsner Clinic, a Professional Corporation; American Home Products Corporation, through its Division Wyeth-Ayerst Pharmaceuticals; and Organon, Inc.
[3] The medications Hickman prescribed for Riley were Effexor, Effexor XR (venlafaxine) and/or Remeron (mirtazapine).
[4] Although several defendants with "Ochsner" in their names were added in a supplemental and amending petition, they answered under the names Alton Ochsner Medical Foundation and Ochsner Clinic, L.L.C. and asserted that plaintiff's references to them under other names were erroneous.